IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANTHONY MICHAEL BURTON, JR.   )
                              ) No. 20-196
    v.                        )

KILOLO KIJAKAZI,
Acting Commissioner
of Social Security

## OPINION AND ORDER

### SYNOPSIS

In this action, Plaintiff filed an application for social security benefits under Titles II and XVI of the Social Security Act, based on mental and physical impairments. His application was denied initially and upon video hearing by an Administrative Law Judge ("ALJ"). The Appeals Council denied his request for review. Before the Court are the parties' Cross-Motions for Summary Judgment. For the following reasons, Plaintiff's Motion will be denied, and Defendant's granted.

### OPINION

### I.   STANDARD OF REVIEW

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3) 7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002).

Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). Substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial evidence." Consolo v. Fed. Maritime Comm'n, 383 U.S. 607, 620, 86 S. Ct. 1018, 16 L. Ed. 2d 131 (1966). If the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, No. No. 10-6540, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

## II.     THE PARTIES' MOTIONS

Plaintiff contends that the ALJ erred at Step two by finding his irritable bowel syndrome ("IBS") non-medically determinable, due to an error in weighing the opinions of treating physician Dr. Barbero and a non-examining state agency consultant. Plaintiff argues that the ALJ gave too little weight to the former, and too much to the latter, which was outdated as it

2

preceded Plaintiff's surgeries. He also contends that as a result, the residual functional capacity ("RFC") was deficient.

Typically, when an ALJ finds that the claimant has at least one severe impairment at step two and continues onto the subsequent steps, omission of another impairment, or the determination that an impairment is not severe, is harmless error. Robert E. v. Comm'r of Soc. Sec., No. 20-06882, 2021 U.S. Dist. LEXIS 219324, at *8 (D.N.J. Nov. 12, 2021). This is so if the ALJ has considered the impairment, and it would not otherwise affect the outcome of the case. Id. If an impairment is not medically determinable, it need not be considered in the residual functional capacity ("RFC"). Without confirmation or diagnosis, it may be appropriate for an ALJ to find that an impairment is not medically determinable. Cf. Talbot v. Colvin, No. 13-1249, 2015 U.S. Dist. LEXIS 122542, at *9 (N.D.N.Y. Sep. 15, 2015); Browner v. Berryhill, No. 16-6237, 2018 U.S. Dist. LEXIS 101997, at *25 (E.D. Pa. June 19, 2018). Statements of symptoms alone are not sufficient to establish the existence of a physical or mental impairment. 20 C.F.R. § 404.1528(a). As the Social Security Administration states,

> A medically determinable physical or mental impairment is an impairment that results from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques. The medical evidence must establish that an individual has a physical or mental impairment; a statement about the individual's symptoms is not enough.

https://www.ssa.gov/disability/professionals/bluebook/general-info.html.

In addition, "[i]t is well-settled that an ALJ is entitled to accept the opinion of a state agency examiner and reject that of a treating physician, so long as she sufficiently states proper reasons for doing so." Caler v. Berryhill, No. 17-1688, 2019 U.S. Dist. LEXIS 24619, at *6 (W.D. Pa. Feb. 15, 2019). Relatedly, the law only requires the ALJ to include limitations

supported by the record in his RFC and hypothetical question to the vocational expert. Swank v. Saul, No. 2:19-1484, 2021 U.S. Dist. LEXIS 56386, at *16 (W.D. Pa. Mar. 25, 2021).

Here, the ALJ determined that Plaintiff's IBS was not a medically determinable impairment, as the records did not reflect an IBS diagnosis. Dr. Barbero's records reflect suspected or likely IBS, with a GI appointment to consider a colonoscopy. The records of Bayfront Digestive Disease reflect symptoms consistent with IBS. Plaintiff refers to gastroenterologist Dr. Ng's note that he "suspects Sx's[1] are related to IBS-D," but Plaintiff does not point to any record listing IBS among Plaintiffs' diagnoses. While Dr. Barbero wrote "severe IBS" as a diagnosis on his medical source statement, the ALJ explained that the notation did not accord with the remainder of the record. In any event, however, the ALJ specifically considered Plaintiff's gastrointestinal symptoms, including those "that he associates with irritable bowel syndrome," and concluded that they imposed no more than minimal limitations and were non-severe. In other words, while the ALJ may have determined that IBS as a diagnosis was not medically determinable, he considered the severity of Plaintiff's IBS-related symptoms and impairments. Moreover, the ALJ proceeded beyond Step Two, and did not deny benefits at that step. The ALJ adequately explained his reasons for the weight afforded the medical evidence of record.

Plaintiff further contends that the ALJ improperly relied on an October, 2017 opinion by Dr. Fox, an agency consultant, that predated additional records pertaining to Plaintiff's treatment and condition. The ALJ, however, clearly considered the record postdating the consultant's opinion, including from 2017-18, and adequately explained his reasons for accepting or rejecting pertinent parts of the record. While Plaintiff raises some persuasive points, the presence of evidence supporting a finding of disability is not dispositive. "[T]he question is not whether

---

[1] "Sx's" is a notation often used to refer to "symptoms."

substantial evidence supports Plaintiff's claims, or whether there is evidence that is inconsistent with the ALJ's findings. Rather, the issue is whether substantial evidence supports the ALJ's findings." <u>Swank</u>, 2021 U.S. Dist. LEXIS 56386, at *18, fn. 5.  Under all of the circumstances, I find no error in the ALJ's approach.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion will be denied, and Defendant's granted. An appropriate Order follows.

BY THE COURT:

_/s/ Donetta F. Ambrose_

Donetta W. Ambrose
Senior Judge, U.S. District Court

Dated: 1/13/22

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANTHONY MICHAEL BURTON, JR.   )
                                                     ) No. 20-196

    v.

KILOLO KIJAKAZI,
Acting Commissioner
of Social Security

## ORDER

AND NOW, this 13th day of January, 2022, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion is DENIED, and Defendant's GRANTED.

                                                   BY THE COURT:

                                                   */s/ Donetta W. Ambrose*

                                                   Donetta W. Ambrose
                                                   Senior Judge, U.S. District Court